HENRY B. PHILBROOK, APPELLANT, *v.* WALTER P. KELLOGG, RESPONDENT.

*Execution against the person—when it may be issued upon a judgment for costs recovered in an action for a tort.*

In an action to recover damages for a conversion of personal property, the costs exceeded the verdict recovered by the plaintiff, and a judgment for such excess was entered in favor of the defendant.

*Held,* that as the judgment was recovered in an action for a tort, the plaintiff could be imprisoned under an execution against his person, issued thereon.

APPEAL from an order made at a Special Term, denying a motion to set aside an execution issued against the person of the plaintiff.

*H. B. Philbrook,* appellant, in person.

*Estes & Barnard,* for the respondent.

BARNARD, P. J. :

The plaintiff brought an action against the defendant for the conversion of personal property, and had a verdict in his favor for $45. The costs exceeded the verdict, and the judgment has been entered for the excess of the costs above the verdict in favor of the defendant against the plaintiff. The question presented is whether the plaintiff can be imprisoned under an execution issued upon this judgment. I think he can. Previous to the act to abolish imprisonment for debt, passed in 1831 (ch. 300), executions issued against the person in all cases, as well in actions upon contract as in actions for torts. By this act it was made unlawful to issue executions against the person in actions upon contract, express or implied. (4 Edm. R. S., 465.) By section 1487 of the Code of Civil Procedure an execution against the person is permitted where the plaintiff's right to arrest the defendant depends upon the nature of the action. This was such an action, being one strictly for a tort which was set out in the complaint. The non-imprisonment act does not free the plaintiff from arrest, because the action is not upon a contract. The Code gives a right of arrest in actions of tort against a defendant. In case of failure to maintain the action, it has been repeatedly held that an execution against the person of the plaintiff was proper for the costs. Here there was a recovery, but not of sufficient amount to carry costs in favor of the plaintiff. The plaintiff was therefore bound to pay costs. The fact of the recovery of $45 does not affect the question.

The defendant's right to his costs is by law absolute for the excess, and the action is one for tort.

GILBERT, J., concurred ; PRATT, J., not sitting.

Order affirmed, with costs and disbursements.